32 F.3d 563
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael C. RICHBURG, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael C. RICHBURG, Defendant-Appellant.
 Nos. 93-5405, 93-5460.
 United States Court of Appeals, Fourth Circuit.
 Argued May 12, 1994.
Decided Aug. 8, 1994.
 
 Appeals from the United States District Court for the District of South Carolina, at Florence. C. Weston Houck, William B. Traxler, Jr., District Judges. (CR-92-281-4-CWH, CR-92-581-4-WBT)
 John Herman Hare, Asst. Fed. Public Defender, Columbia, S.C., for appellant.
 Alfred William W. Bethea, Jr., Asst. U.S. Atty., Florence, S. C., for appellee.
 On Brief: J.Preston Strom, Jr., U.S. Atty., Florence, S.C., for appellee.
 D.S.C.
 AFFIRMED.
 Before WIDENER, WILKINSON, and MICHAEL,
 OPINION
 PER CURIAM:
 
 
 1
 This appeal arises from two separate but related prosecutions of appellant Michael C. Richburg. Richburg was first convicted, after a jury trial, of conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. Sec. 846, and of carrying a firearm during and in relation to drug trafficking, in violation of 18 U.S.C. Sec. 924(c). He was sentenced to nine years and nine months imprisonment, including an enhancement under U.S.S.G. Sec. 3B1.1(c) for his leadership role in the drug offense. In a second trial he was convicted of violating 18 U.S.C. Sec. 1503 for endeavoring to influence a juror in his earlier trial on the cocaine and firearms charges. On the second conviction, he was sentenced to thirty-seven months in prison, to run concurrently with his first sentence.
 
 
 2
 Richburg raises three issues on appeal. First, he contends that the district court erroneously instructed the jury on the Sec. 924(c) charge; second, he challenges his sentencing enhancement under Sec. 3B1.1(c); and third, he claims that in his second trial, the district court abused its discretion by admitting improper evidence of a prior bad act under Federal Rule of Evidence 404(b). We find no merit in his contentions and affirm both his convictions and the enhancement of his sentence.
 
 I.
 
 3
 At Richburg's trial on the cocaine and firearm charges a cooperating witness, Charles Luckett, testified that Richburg had hired him to carry a package of cocaine from Miami to South Carolina and take a $5,000 payment back to Miami. Luckett was to be paid $600 for his services. Richburg had a third party bring the package of cocaine to Luckett at Luckett's home in Miami. Luckett was on his way to make the delivery to Richburg when a South Carolina Highway Patrolman stopped his vehicle. The cocaine was discovered and Luckett was arrested.
 
 
 4
 After his arrest Luckett agreed to help the DEA make a controlled delivery of the cocaine to Richburg. Luckett called Richburg and set up a meeting. Richburg drove himself and two associates to the meeting site in a pickup truck. All three were arrested, and the DEA impounded the pickup. In a subsequent inventory search agents discovered a loaded pistol under the pickup's center console and ammunition in a tray on top of the console. The pistol was traced to Edward Johnson. Johnson at first told agents that he had borrowed Richburg's pickup about a week before the arrest, left the pistol under the console, and forgot to tell Richburg it was there. However, the agents discovered that Richburg had bought the pickup only three days before his arrest. Before Richburg's first trial Johnson admitted to the agents that he had lied and that he had sold Richburg the pistol a month before the arrest. Johnson also told the agents that Richburg had asked him to testify falsely at trial.
 
 
 5
 After jury selection, but before Richburg's trial on the drug and gun charges began, juror Gail Johnson notified the district court that Richburg and his girlfriend had confronted her and tried to discuss his case. She was excused from jury service. Richburg was convicted of both charges.
 
 
 6
 The presentence report recommended that the court enhance Richburg's base offense level by four levels under U.S.S.G. Sec. 3B1.1(a) on the basis that he was an organizer or leader of criminal activity involving five or more individuals. The court found the evidence instead supported enhancing Richburg's offense level by two levels under Sec. 3B1.1(c) for acting in a supervisory capacity as to Luckett.
 
 
 7
 Richburg was later indicted for jury tampering and subornation of perjury relating to his first trial.[1] At the jury tampering trial, juror Gail Johnson was the main witness. The government also called Edward Johnson to testify about Richburg's attempt to have him testify falsely at the first trial. Richburg objected that Edward Johnson's testimony was improper and prejudicial propensity evidence which should be excluded under Federal Rule of Evidence 404(b). The court admitted the evidence on the basis that it demonstrated the existence of a plan to influence the outcome of the prior trial and that it was more probative than prejudicial. The jury convicted, and the court sentenced Richburg to a prison term of thirty-seven months to be served concurrently with his first sentence.
 
 II.
 
 8
 Richburg's appeal of his firearms conviction under 18 U.S.C. Sec. 924(c)(1) does not challenge the sufficiency of the evidence, but rather it questions the propriety of the jury instructions. He argues that the court's charge did not make clear that the government must prove that the firearm was used or carried "in relation to" the underlying drug offense.[2] Richburg contends that the instruction allowed the jury to convict upon the mere finding that Richburg knowingly possessed the weapon at the same time he committed a drug crime.
 
 
 9
 We review the sufficiency of a jury instruction de novo. United States v. Morrison, 991 F.2d 112, 116 (4th Cir.), cert. denied, 114 S.Ct. 225 (1993). If the instruction read as a whole fairly summarizes the law, it is not grounds for reversal. Id.
 
 
 10
 The words "in relation to" in Sec. 924(c)(1) require the prosecution to prove that the firearm "have some purpose or effect with respect to the drug trafficking crime; ... the gun at least must 'facilitat[e] or ha[ve] the potential of facilitating,' the drug trafficking offense." Smith v. United States, --- U.S. ----, ----, 113 S.Ct. 2050, 2059 (1993) (quoting United States v. Stewart, 779 F.2d 538, 540 (9th Cir.1985), cert. denied, 484 U.S. 867 (1987)). In United States v. Brockington, 849 F.2d 872 (4th Cir.1988), we held that although a weapon is not brandished or even in view, it is enough under Sec. 924(c)(1) if it is present for protection or to embolden the actor. Id. at 876 (citing United States v. Stewart, supra ).
 
 
 11
 The district court's instruction repeatedly stated that the weapon must have been available to "aid" or "assist" in the commission of the drug crime. In determining this, the jury was instructed to consider the circumstances surrounding the firearm's presence, its usefulness, and its proximity to the defendant. Here, the instruction as a whole fairly summarized the law under Smith and Brockington, and therefore it is not a basis for reversal. Morrison, supra.
 
 III.
 
 12
 Richburg claims he was not a leader under Sec. 3B1.1 of the Sentencing Guidelines, which provides: "Based on the defendant's role in the offense, increase the offense level as follows: ... (c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by two levels."[3]
 
 
 13
 Richburg claims that Luckett was an independent middle man and that their relationship was at most that of buyer and seller. However, the evidence demonstrated that Richburg orchestrated the transaction and organized its details, one of which was to hire Luckett as his courier. Luckett was to be paid a fee for his services, and his participation was strictly at Richburg's instigation and behest. Richburg contacted Luckett, proposed the courier job, and had one of his agents bring the cocaine to Luckett for delivery. Luckett did not have a proprietary interest in the cocaine or in any profits from the transaction. We review a district court's sentencing findings for clear error. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir.1989). Here, the district court's determination that Richburg occupied a leadership role as to Luckett was not clearly erroneous.
 
 IV.
 
 14
 Richburg claims that the district court abused its discretion in admitting prior bad act evidence, i.e., Edward Johnson's testimony that Richburg asked him to lie at the first trial.
 
 
 15
 In order to be admissible in this circuit, prior bad acts of a defendant must be (1) relevant to an issue other than the character of the defendant or the defendant's propensity to commit the type of act in question (e.g., relevant to intent, motive, common plan or scheme, opportunity, etc.), (2) necessary (address an essential part of the crime or explain its context), and (3) reliable. United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir.1988). Further, relevancy of the prior bad acts must not be substantially outweighed by the danger of unfair prejudice. Fed.R.Evid. 403.
 
 
 16
 Richburg argues that the government's stated reason for offering Edward Johnson's testimony--to demonstrate a common scheme or plan to subvert the first trial--was a subterfuge to get improper character evidence before the jury. Richburg contends that the primary purpose and effect of the evidence was to convince the jury that he had attempted to obstruct justice once before and would do it again, which he says is classically inadmissible propensity evidence. Additionally, he argues that the relevancy of the testimony was substantially outweighed by its prejudicial implications.
 
 
 17
 The government denies that the evidence was offered to show propensity. It maintains that Richburg's attempt to procure false testimony was relevant to demonstrate the existence of an intent or scheme to improperly influence the outcome of the first trial, and the existence of that intent or scheme enhanced the likelihood of Richburg attempting to influence a juror. In addition, the evidence was necessary because the government had but a single witness, Gail Johnson, who could testify directly to the facts of the juror tampering charge. Finally, the evidence was reliable because Richburg admitted to it on cross-examination in the first trial. We find that the testimony of Edward Johnson clearly met the Rawle criteria and any prejudice did not outweigh the probative value. Therefore, its admission against Richburg was not an abuse of discretion.
 
 V.
 
 18
 We find no grounds for reversal in Richburg's assignments of error. Accordingly, the convictions and challenged sentence are affirmed.
 
 AFFIRMED
 
 
 [1]
 The subornation count was dropped because Edward Johnson never actually testified at the first trial
 
 
 [2]
 The district court's instruction defined using or carrying a firearm "during and in relation to" a drug trafficking crime as follows:
 The phrase uses or carries a firearm means having a firearm or firearms available to assist or aid in the commission of [the alleged drug trafficking crime]. In determining whether the defendant used or carried a firearm, you may consider all of the factors received in evidence in the case, including the nature of the underlying ... drug trafficking crime ..., the proximity of the defendant to the firearm in question, the usefulness of the firearm to the crime alleged, and the circumstances surrounding the presence of the firearm.
 The government is not required to show that the defendant actually displayed or fired the weapon. The government is required, however, to prove beyond a reasonable doubt, that the firearm was in the defendant's possession or under his control at the time that [the alleged drug trafficking crime] was committed. In other words, that it was available to assist or aid in the commission of the [alleged drug trafficking crime].
 It is not necessary that the government prove that it was actually used, that it was actually shown. Only that it was available for the purpose of assisting in some way in the commission of the [alleged drug trafficking] crime.
 JA 174-75.
 
 
 [3]
 Subsections (a) and (b) of Sec. 3B1.1 pertain to organizers and leaders, and managers and supervisors, respectively, of criminal activity involving five or more participants, or which is "otherwise extensive."